UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 23-07811 RAO | Date: | May 14, 2024 |
| Title: | *Jay G. v. Martin J. O'Malley, Commissioner of Social Security* | | |

| | |
|---|---|
| Present: | The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE** |

| | |
|---|---|
| James Muñoz | N/A |
| Deputy Clerk | Court Reporter/Recorder: N/A |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| N/A | N/A |

**Proceedings:**   (In Chambers) **ORDER AFFIRMING COMMISSIONER'S DECISION**

### I.   Introduction

Plaintiff Jay G. ("Plaintiff") challenges the Commissioner's denial of his application for supplemental security income. Plaintiff claims the administrative law judge ("ALJ") erred in evaluating his subjective mental health complaints. The Commissioner contends the ALJ's multiple reasons for her findings are supported by substantial evidence. Plaintiff filed his brief on January 19, 2024 ("Pl. Brief"), and the Commissioner filed his response on March 22, 2024 ("Comm'r Brief"). (Dkt. Nos. 13, 17.) For the reasons set forth below, the Commissioner's decision is **AFFIRMED**.

### II.   Legal Standard

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they, when applied against proper legal standards, are supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "Substantial evidence . . . is 'more than a mere scintilla[,]' . . . [which] means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citations omitted); *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is shown "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 23-07811 RAO | Date: | May 14, 2024 |
| Title: | *Jay G. v. Martin J. O'Malley, Commissioner of Social Security* | | |

### III. Discussion

Plaintiff contends the ALJ failed to comply with Social Security Ruling 16-3p in evaluating his subjective mental health complaints.[1]

### a. Applicable Law

Where, as here, the claimant has presented evidence of an underlying impairment and the ALJ did not make a finding of malingering (*see* AR 21), the ALJ must "evaluate the intensity and persistence of [the] individual's symptoms . . . and determine the extent to which [those] symptoms limit [his] . . . ability to perform work-related activities." Soc. Sec. Ruling 16-3p, 2017 WL 5180304, at *2 (Oct. 25, 2017). In assessing the intensity and persistence of symptoms, the ALJ "examine[s] the entire case record, including the objective medical evidence; an individual's statements . . . ; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id*. at *4. The ALJ must provide specific, clear and convincing reasons for rejecting the claimant's statements. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (citation omitted). The ALJ must identify what testimony was found not credible and explain what evidence undermines that testimony. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). "General findings are insufficient." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

### b. Plaintiff's Subjective Mental Health Complaints

At the hearing before the ALJ on July 12, 2022, Plaintiff testified that he sees a psychiatrist every other month. (AR 47.) He testified to seeing a primary doctor, who is the only doctor to whom Plaintiff tells all of his problems. (*Id.*) He reported he is always dealing with post-traumatic stress disorder, anxiety attacks, and depression. (*Id.*) He experiences anxiety daily. (AR 49-50.) Plaintiff stated that his mental stability is not the way it used to be. (AR 51.) He stated he deals with a lot of underlying issues in therapy, including a childhood assault. (*Id.*)

In a Function Report dated March 1, 2020, Plaintiff reported having depression and believing people are out to get him. (AR 197.) He loses focus and experiences mood swings and

---

[1] Plaintiff's appeal limits his challenge of the ALJ's evaluation of his subjective symptom testimony to the ALJ's assessment of his mental health symptoms. Accordingly, the Court's summary of the administrative record is limited to evidence related to Plaintiff's mental health.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 23-07811 RAO | Date: | May 14, 2024 |
| Title: | *Jay G. v. Martin J. O'Malley, Commissioner of Social Security* | | |

paranoia. (*Id*.) Plaintiff is easily agitated and goes from "0 to 100 in a second for any reason." (*Id*.) His ability to pay bills, count change, handle a savings account, and use a checkbook depends on his levels of depression, focus, and paranoia. (AR 200.) He reported that on most days, he is too depressed or paranoid to engage in social activities. (AR 201.) He has problems getting along with others because he is easily excitable and people do not like his energy. (AR 202-03.) When people say anything to him, he goes off. (*Id.*) His depression and bipolar medications affect his memory and understanding, and his abilities to follow instructions, get along with others, and complete tasks. (AR 202.)

    **c. Analysis**

The ALJ discounted Plaintiff's subjective complaints about his mental health symptoms because (1) they were inconsistent with the objective medical evidence, and (2) his mental health improved with treatment. (AR 24.)

    *1. Inconsistencies with Objective Medical Evidence*

The ALJ summarized the relevant medical records regarding Plaintiff's mental health conditions. The ALJ noted that Dr. Shirley Simmons, a psychologist, saw Plaintiff in January 2013, and observed that he had depressed mood and affect but was cooperative and friendly, had appropriate eye contact, full orientation, linear and goal-directed thought processes, clear and coherent speech, intact attention and concentration, adequate memory, a generally good fund of knowledge, and appropriate insight and judgment. (AR 23.) Dr. Simmons saw no evidence of disorganized thoughts or perceptual disturbances. Plaintiff also received mental health treatment from providers at the LGBT Center of Los Angeles ("LALC"). Between 2015 and 2022, Plaintiff's treatment providers reported an anxious and depressed mood and limited judgment, but also observed full orientation, a friendly and cooperative attitude, unimpaired speech, intact memory, and average intelligence. (*Id*.) LALC's treatment providers saw no evidence of any significant perceptual disturbances, abnormal thought processes, or thought content, despite Plaintiff's history of drug abuse. (*Id*.)

The ALJ properly considered the disparity between Plaintiff's statements and the objective medical evidence, which largely showed a cooperative attitude, intact memory, clear and coherent speech, linear and goal directed thought processes, and average intelligence, as a ground for discounting Plaintiff's testimony. The ALJ noted that the reports of Dr. Simmons and treatment providers at LALC reflecting Plaintiff's friendly and cooperative attitude, unimpaired speech, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 23-07811 RAO | Date: | May 14, 2024 |
| Title: | *Jay G. v. Martin J. O'Malley, Commissioner of Social Security* | | |

intact memory, attention, and concentration, conflicted with Plaintiff's complaints about his mental condition. (AR 23); *see Cassandra E.L. v. Saul*, No. 19-1783, 2020 WL 2556348, at *6 (C.D. Cal. May 20, 2020) ("If a claimant gives testimony that is inconsistent with subjective complaints reported in the medical evidence, that can provide a clear and convincing reason for discounting the claimant's testimony.") (distinguishing a lack of objective medical evidence from medical evidence inconsistent with a claimant's testimony); *Parrish v. Berryhill*, No. 16-00032, 2017 WL 1033972, at *1-2 (C.D. Cal. Mar. 16, 2017) (distinguishing between the absence of objective medical evidence and affirmative inconsistencies with medical evidence).

### 2. *Improvement with Treatment*

The ALJ also found that Plaintiff's mental health improved with treatment. Plaintiff was prescribed psychotropic medications and received individual therapy while at LALC. (AR 24.) Plaintiff told his treatment providers that he was not always compliant with his treatment regimen, especially when using drugs, but did report that the medications were helpful in controlling his emotional symptoms, especially his mood stability. (*Id*.) Plaintiff reported improvement in his symptoms with sobriety. (*Id*.)

Generally, "[i]mpairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits." *Ware v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ noted that Plaintiff told his treatment providers his psychotropic medications were generally helpful in controlling his emotional symptoms, especially his mood stability. (AR 24.) The ALJ also noted Plaintiff reported improvement in his symptoms with sobriety. (*Id*.) A review of Plaintiff's treatment records supports the ALJ's finding as to improvement of symptoms with treatment (*see, e.g.*, AR 590, 605-06, 752, 757, 758, 759, 767, 772, 774, 790), as well as improvement during periods of sobriety (*see, e.g.*, AR 590, 605-06).

Plaintiff argues that, while the ALJ acknowledged his mental health impairments, she did not provide an adequate rationale for opining that he would be off-task for up to 3% of the workday due to symptom distraction. (Pl. Brief at 6.) As noted by the Commissioner, (*see* Comm'r Brief at 6), Plaintiff cites to no evidence supporting that opinion, which suggests the ALJ partially credited his symptom complaints and added this restriction as a result. Thus, any error in adding this limitation was in Plaintiff's favor.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.:  CV 23-07811 RAO                                    Date:  May 14, 2024
Title:  *Jay G. v. Martin J. O'Malley, Commissioner of Social Security*

In sum, the reasons cited by the ALJ for discounting Plaintiff's testimony are supported by substantial evidence.

**IV.    Conclusion**

For the reasons set forth above, the decision of the Commissioner of Social Security is **AFFIRMED**.

**IT IS SO ORDERED.**

                                                                                        :
                                                        Initials of Preparer      jm